THOMAS G. BLEWETT, JR., *et al., v.* RICHARD EVANS.

1. CONTRACT OF SALE: EXECUTED WHEN SELLER DIVESTS HIMSELF OF TITLE. — A contract for the sale of slaves is executed when the seller makes title to a third person for his indemnity, and to be and remain in him until the debt for which such third person is surety for the purchaser is paid; the use and possession of the slaves being with the purchaser.

2. SLAVES: WARRANTY OF TITLE: EMANCIPATION NO BREACH OF. — A warranty of title has reference to the status of the property at the time of the warranty, and is not intended to protect the title against future events; and in the case of a sale of slaves with warranty of title, their subsequent emancipation is no breach of the warranty.

ERROR to the Chancery Court of Lowndes county. Hon. H. W. Foote, chancellor.

*Orr & Matthews* for plaintiff in error.

*W. & J. R. Yerger* for defendant in error.

PEYTON, J., delivered the opinion of the court.

It appears from the record in this case, that the defendant in error obtained a judgment in the Circuit Court of Lowndes county against the plaintiff in error and Dunstan Banks for the sum of $7,233$\frac{33}{100}$; that said judgment was founded on a bill of exchange drawn by the said plaintiff and Banks, in favor of said defendant on the said Banks, and accepted by him; that said bill of exchange was given to said defendant in part payment for certain slaves sold by him on the 18th day of March, A.D. 1861, and payable twelve months after that date.

That the plaintiff filed his bill in the Chancery Court of said county, against the defendant, and obtained an injunction on the 21st day of June, 1867, restraining the collection of said judgment; and that, on the 24th day of said month of June, the defendant entered his motion to dissolve the injunction,

which was sustained by the court, and the injunction dissolved for the want of equity on the face of the bill. ·

That the plaintiff filed in the said Chancery Court a supplemental bill against the defendant, and obtained another injunction on the 1st day of February, 1868, restraining the execution of said judgment, which was dissolved by the court on motion of the defendant for the want of equity upon the face of the bill.

From this decree, made on the 27th day of February, 1868, the cause comes here by writ of error on the part of the plaintiff. The record shows that at the said February term of said Chancery Court, the said original and supplemental bills were dismissed.

The original bill alleges a breach of warranty of the title to said slaves, resulting from their subsequent emancipation, and that the consideration of the bill of exchange on which said judgment was founded had thereby failed; that the defendants in the court of law called upon the defendant in error for information as to the terms of his bill of sale of said slaves, and failed to obtain the information from him in time to enable them to make their defence at law.

It is contended by counsel for the plaintiff in error that the contract for the sale of said slaves is executory, and that there was a breach of warranty of title to them, arising from their subsequent manumission, and that therefore the defendant in error has no right to enforce the collection of his judgment.

By reference to the bill of sale or instrument of conveyance of said slaves, it will be seen that, at the instance of the plaintiff in error, the title to the slaves was made by the defendant in error to the said Dunstan Banks as his indemnity, and to be and remain in him until the purchase-money shall be paid, and his acceptance discharged by the plaintiff. The defendant, by the bill of sale, covenants that the title made is a good one, and thereby warrants the same.

We differ from counsel as to the character of the contract. It was fully executed on the part of the defendant. He divested himself of the title to the property and vested the title

in Banks at the request of the plaintiff; the mere naked legal title being in Banks as security for his liability as surety of the plaintiff on the bills of exchange given for the property, whilst the equitable title, the possession, use, and enjoyment of the property were in the plaintiff. And the conveyance was made in this way at the instance of the plaintiff himself, and he cannot now be heard to say, by way of defence to the payment of the consideration money, that he has no title.

With respect to the warranty of title to the slaves, the whole question is, Who shall bear the loss occasioned by a *vis major?* And that depends upon the question, Who was the owner when that was occasioned? The covenant of warranty of title had reference to the status of the slaves at the time of the warranty, and was not intended to protect the title against future events. The sale took place while the negroes were slaves. The purchaser acquired the property in them, and if they have since been embraced by the general act of emancipation, the loss has been his, and not that of the seller. The consideration of the promise of the plaintiff has, therefore, not failed; for he received all he contracted for, — a good title to the property at the time of the sale and warranty, and had the enjoyment of it for several years. If the plaintiff can now avoid the payment of the purchase-money, on the ground of a failure of consideration, upon the same principle, he might recover back the money which has already been paid upon the property.

Upon the whole, we think the plaintiff had no grounds of defence in this case, either at law or in equity.

The decree must therefore be affirmed.